IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IMAGINE LIFESTYLES, LLC, *et al.*, | |
| Plaintiffs, | Civil No. 19-17445 (RBK/JS) |
| v. | **OPINION** |
| DEANNA PERRY, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon several motions: Defendant Deanna Perry ("Perry") has filed a Motion to Transfer Case (Doc. 2) and a Motion to Dismiss (Doc. 3), and Plaintiffs Imagine Lifestyles, LLC and MEE Enterprises, LLC have filed a Motion to Remand (Doc. 6). For the reasons expressed herein, Plaintiffs' Motion to Remand is **GRANTED**, and Defendant Perry's motions are dismissed as moot.

## I. BACKGROUND

This is a case about a damaged Lamborghini. Plaintiff Imagine Lifestyles, LLC is a Florida company that works with Plaintiff MEE Enterprises, a New Jersey LLC (collectively "Plaintiffs"), to rent "rare high-end exotic sports cars" and "specialty exotic luxury vehicles" to the public. (Compl. ¶1.) These vehicles are rented from Plaintiffs' business in the county of Camden, New Jersey. (*Id*. ¶2.) On May 31, 2019, Plaintiffs rented a luxury car—a Lamborghini Huracan, valued at approximately $221,582.91—to Defendant Deanna Perry. (*Id*. ¶¶8, 22.) The parties signed a Rental Agreement setting out the terms of the lease. (*Id*. ¶8.)

1

On June 1, 2019, Perry parked the rented Lamborghini along the side of North 5th Street in Philadelphia, Pennsylvania. (Compl. Ex. B.) At some later point that day, while under the influence of alcohol, Leberia Parks drove her car down that same street. (Compl. ¶12.) Ms. Parks crashed her car into the parked Lamborghini, which sustained at least $121,717.31 in damages as a result. (*Id*. ¶12–14.) At the time of the incident, Ms. Parks was driving a car owned by Angelique Williams, who Plaintiffs have also named as a defendant in this action.

After the incident, Plaintiffs submitted claims to both Defendant Perry's and Defendant Williams' insurers, seeking the costs of general and incidental damages such as towing and storage costs, loss of use damages, and attorney's fees. (Compl. ¶¶14–18.) Both of Defendants' insurers denied the claim. (*Id*.)

Following this denial, on July 29, 2019, Plaintiffs sued Defendants in the Superior Court of New Jersey, Camden County, alleging one count of negligence against both Defendants and one count of breach of contract against Defendant Perry. (Doc. 1 at 6.) On August 30, 2019, Perry removed the action to this Court, and requested that venue be transferred to the U.S. District Court for the Eastern District of Pennsylvania. (Doc. 1 at 4.) She has also moved to dismiss the action. (Doc. 3.)

On September 4, 2019 Plaintiffs moved to remand this action to the Superior Court of New Jersey, Camden County, citing a forum selection clause in the Rental Agreement that Perry signed. (Doc. 6-2, "Pl. Mot.") The forum selection clause reads as follows:

> This Agreement and all matters or disputes arising from this Agreement shall be governed in accordance with the laws of the State of New Jersey without reference to any conflict of law provisions. The courts of the State of Jersey shall have jurisdiction to hear and determine any claims or disputes pertaining directly or indirectly to this agreement and to any matter arising therefrom. The parties furthermore consent to the exclusive jurisdiction and venue of courts in Camden County, New Jersey in all disputes arising out of or relating to this Agreement.

2

(Pl. Mot. at 4.)

Plaintiffs argue that this forum selection clause prohibits removal, as it limits jurisdiction exclusively to the Superior Court of New Jersey within Camden County. (*Id.*) Plaintiffs also argue that removal was improper because Defendant Perry failed to secure the consent of Defendant Williams before removing this action. (*Id.*)

## II. LEGAL STANDARD[1]

### A. Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See Abels*, 770 F.2d at 29 ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

### B. Forum Selection Clause

Under federal law, forum selection clauses are "presumptively valid" and enforceable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (discussing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972)), *cert. denied*, 464 U.S. 938 (1983). A

---

[1] Because remanding this case would moot Defendant Perry's motion to transfer (Doc. 2) and motion to dismiss (Doc. 3), this Court addresses Plaintiffs' motion to remand (Doc. 6) first, and will set out the legal standards for Perry's motions afterwards if necessary.

3

party's "burden of establishing federal jurisdiction" upon removal "is a high one when seeking to avoid a forum selection clause." *Carlyle Inv. Mgmt., L.L.C. v. Carlyle Capital Corp. Ltd.*, 800 F.Supp.2d 639, 644 (D. Del. 2011) (citing *M/S Bremen*, 407 U.S. 1). "Remand is appropriate whenever any doubt exists as to whether removal was proper. Moreover, a strong presumption exists in favor of enforcing a forum selection clause." *Carlyle Inv. Mgmt.*, 800 F. Supp. 2d at 644 (D. Del. 2011).

To avoid a forum selection clause, a party must make a "strong showing" that the clause is "unreasonable." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir.1991) (quoting *M/S Breman*, 407 U.S. at 10); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F.Supp.2d 560, 564–65 (D.N.J. 2000) (*quoting M/S Breman*, 407 U.S. at 10); *Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd.*, 938 F.Supp. 256, 263 (D.N.J. 1996)). A forum selection clause is unreasonable if the party opposing it establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal*, 709 F.2d at 202.

### III. DISCUSSION

#### A. Forum Selection Clause

Defendant Perry makes two arguments against enforcement of the forum selection clause: first, she argues that the contract containing the clause was one of adhesion, and thus the forum selection clause is unenforceable on unconscionability grounds. (Doc. 8 ("Def. Opp.") at 9–11.) Second, she argues that the clause does not vest exclusive jurisdiction in the New Jersey Superior Court because it can also be interpreted to include *federal* courts within New Jersey. (*Id*. at 11–

14.) This Court will first determine if the forum selection clause limits jurisdiction to New Jersey state court.

"In determining whether the parties have waived their right to remove via a forum selection clause, the Court must determine the meaning of the clause in the same manner it would any other contractual provision, i.e., by ascertaining the 'plain and ordinary meaning' of the clause." *LG Elecs. U.S.A., Inc. v. Actionlink, LLC*, Civ. No. 15-5472, 2015 WL 6673884, at *3 (D.N.J. Oct. 30, 2015) (citing *New Jersey v. Merrill Lynch & Co*., 640 F.3d 545, 547–48 (3d Cir. 2011)).

The Rental Agreement at issue here states, "The courts of the State of Jersey shall have jurisdiction to hear and determine any claims or disputes pertaining directly or indirectly to this agreement and to any matter arising therefrom. The parties furthermore consent to the exclusive jurisdiction and venue of courts in Camden County, New Jersey in all disputes arising out of or relating to this Agreement."

As to the first sentence, the Third Circuit has held that reference to courts "of" a state, rather than courts "in" a state, is interpreted to mean "state court," and does not refer to federal courts that happen to be located within that state. *Merrill Lynch & Co.*, 640 F.3d at 548; *see also LG Elecs. U.S.A., Inc. v. Actionlink, LLC*, Civ. No. 15-5472, 2015 WL 6673884, at *3 (D.N.J. Oct. 30, 2015) (relying on the Third Circuit's holding in *Merrill Lynch* to state that "by using the phrase 'of a state' rather than 'in a state,' the forum selection clause limited jurisdiction exclusively to the specified state court"). Thus, the first sentence's reference to the "courts of the State of Jersey" is properly read to mean New Jersey state court.

Perry argues, however, that this first sentence "refers only to New Jersey state courts having jurisdiction, *not* exclusive jurisdiction." (Def. Opp. at 12.) She notes that the next "sentence states that the parties consent to the exclusive jurisdiction *in* courts in Camden County, New Jersey,

rather than *of* courts in Camden County, New Jersey." (*Id.* at 13.) Thus, she takes these two sentences to mean that, while the New Jersey state courts have jurisdiction, exclusive jurisdiction is vested in any court—including federal court—within Camden County. (*Id.*)

Perry's argument is unconvincing. When interpreting a forum selection clause, "[t]he use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Frazetta v. Underwood Books*, Civ. No. 08-0516, 2009 WL 959485, at *4 (M.D. Pa. Apr. 6, 2009). Though the clause at issue undoubtedly could have been drafted more clearly, courts within the Third Circuit regularly enforce similarly drafted forum selection clauses. In *CyGate Software & Consulting, LLC v. Shukla*, Civ. No. 06-5136, 2007 WL 9782942 at *1 (D.N.J. Jan. 5, 2007), the Court enforced a forum selection clause stating, "This Agreement . . . shall be governed by and construed in accordance with the laws of the State of New Jersey, which shall have jurisdiction over any dispute arising out of the performance or non performance of any obligation pursuant thereto." Despite the absence of the word "exclusive," it found that the language used nonetheless selected "New Jersey as the exclusive jurisdiction." *Id.*

Here, the following sentence—"the parties furthermore consent to the exclusive jurisdiction and venue of courts in Camden County, New Jersey in all disputes arising out of or relating to this Agreement"—strengthens the argument for finding the preceding sentence to be mandatory, and limits jurisdiction further to the state courts in Camden County. Perry argues, however, that this sentence allows for federal court jurisdiction because it states "in" Camden County, rather than "of" Camden County. (Def. Opp. at 13.) This argument is unpersuasive, as it would require each sentence to be read in isolation, rather than construed in context with the preceding sentence that "courts of the State of Jersey shall have jurisdiction."

"[A] single clause or paragraph of a contract cannot be read in isolation, but must be read in context, and every portion of the contract deserves consideration." *New Castle Cty., Del. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 174 F.3d 338, 349 (3d Cir. 1999). In interpreting contracts, so as not to "render part of [a contract] superfluous," courts should "adopt the meaning that gives all the terms of the contract their full effect." *In re FBI Wind Down Inc.*, 741 F. App'x 104, 108 (3d Cir. 2018). Here, when read in context, the second sentence narrows the exclusive jurisdiction from *any* state court in New Jersey to only those New Jersey state courts located in Camden County – a natural interpretation, as that is where Plaintiffs' business is located, and where Perry leased the Lamborghini. Perry's proposed interpretation would make the first sentence "meaningless and redundant." *Frazetta v. Underwood Books*, Civ. No. 08-0516, 2009 WL 959485, at *5 (M.D. Pa. Apr. 6, 2009).[2] Accordingly, this Court finds the forum selection clause to vest exclusive jurisdiction in the Superior Court of New Jersey within Camden County.

*Unconscionability*

Perry also argues that, even if the forum selection clause is read to limit jurisdiction to New Jersey state court, the Rental Agreement is unconscionable because it is a contract of adhesion. (Def. Opp. at 9–11.) Perry alleges that "the Rental Agreement at issue was clearly a 'take it or leave it' contract," and "Plaintiffs presumably would not have permitted Defendant Perry to enter into a contract with Plaintiffs had [Perry] attempted to negotiate the terms of the contract." (Def. Opp. at 8.)

---

[2] In *Frazetta*, a forum selection clause stated, "[parties] shall submit to the jurisdiction of the courts of the State of California." *Frazetta*, 2009 WL 959485 at *1. The court interpreted this clause as vesting exclusive jurisdiction in California state courts, and rejected the argument that this clause simply allowed "venue to exist in California, but also to exist elsewhere." *Id.* It determined such an interpretation would make "the forum selection clause meaningless and redundant," since it was already clear that the case could have been properly brought in California state court without the clause. *Id.* Similarly here, New Jersey state courts would have proper jurisdiction over this action with or without the Rental Agreement's forum selection clause. Thus, reading the clause as making New Jersey state court jurisdiction permissive, rather than mandatory, would strip all meaning from the first sentence instead of adopting "the meaning that gives all the terms of the contract their full effect." *In re FBI Wind Down Inc.*, 741 F. App'x at 108.

7

A "contract is not necessarily one of adhesion simply because it is a form contract," and a party's "failure to negotiate does not render an otherwise valid forum selection clause invalid." *Tricome*, 2009 WL 3365873, at *2 (citing *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 229 (3d Cir. 1997). Even assuming the Rental Agreement was an adhesion contract, "[t]he determination that a contract is one of adhesion, however, is the beginning, not the end, of the inquiry." *Khan v. Dell Inc.*, Civ. No. 09-3703, 2014 WL 718314, at *6 (D.N.J. Feb. 1, 2014). "[I]n determining whether to enforce the terms of a contract of adhesion, courts have looked not only to the take-it-or-leave-it nature or the standardized form of the document but also to the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the "adhering" party, and the public interests affected by the contract." *Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 605 A.2d 681, 687 (1992).

The Rental Agreement here was not unconscionable simply because Perry felt that she could not have negotiated its terms if she had tried. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) (declining to hold that "a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining"). As Plaintiffs point out, "the Rental Agreement was for a 2019 model year Lamborghini Harucan," a high-end luxury car, and "not a result of a take-it-or-leave-it nature such as an employment agreement or insurance policy." (Doc. 10 ("Pl. Reply") at 12.) While Perry, as a consumer, was in a weaker bargaining position relative to Plaintiffs, there was no economic or other compulsion for Perry to lease a Lamborghini from Plaintiffs rather than from other businesses in the area. *See Khan*, 2014 WL 718314 at *6 (finding that, where no substantive unconscionability was present, "the mere fact that the contract was one of adhesion is insufficient under New Jersey law to prevent enforcement"). Perry's argument as to unconscionability fails.

Perry does not argue further that the forum selection clause was the result of fraud or overreaching, that it violates public policy, or that enforcement of the forum selection clause would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. As a result of the foregoing analysis, the Court finds that the forum selection clause is valid and enforceable, and that this case must be remanded to the Superior Court of New Jersey, Camden County.

### B. Defective Removal Procedure

Plaintiffs also argue that removal was improper because Perry failed to obtain consent from Defendant Williams prior to removing this action. The Court declines to substantively address this argument, as removal has already been found improper due to the forum selection clause.

## IV. CONCLUSION

"If a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." *LG Elecs. U.S.A., Inc. v. Actionlink, LLC*, Civ. No. 15-5472, 2015 WL 6673884, at *2 (D.N.J. Oct. 30, 2015) (citing *Foster v. Chesapeake Inc. Co., Ltd.*, 933 F.3d 1207, 1216 (3d Cir.), *cert. denied*, 502 U.S. 908 (1991)). Accordingly, Plaintiffs' motion to remand is **GRANTED**, and this case shall be remanded to the Superior Court of New Jersey, Camden County. An accompanying Order shall issue.

Dated: 1/10/2020  
                                                                                     s/ Robert B. Kugler  
                                                                                     ROBERT B. KUGLER  
                                                                                     United States District Judge